Good morning, your honors. May it please the court, my name is Corinne Lye, and I represent the appellate. I would like to reserve two minutes for rebuttal, please. This is a case about a finding of harmless error, determined in a fashion contrary to both Harrison v. Stanton's statement of an unavailable co-defendant implicating the defendant was introduced to trial by two police officers, one, Rendon, called by the state, and two, Cowell, called by the defense. On appeal, the state appellate court found that Rendon was inadmissible, but nonetheless had determined that there was harmless error, that error was harmless without a reasonable doubt, in light of, among other things, the cumulative evidence that was introduced by Cowell and the defense. It's the appellate's possession that Cowell never should have been considered in the harmless error determination. I ask this court to reverse and amend in accordance with that theory for determination of harmlessness. This court asked for additional briefing on exhaustion, and so if the court would direct me please to where they would want me to start with exhaustion or go on with substance abuse. Whatever you prefer to do with this case, ma'am. Our question arose from the fact that it seems that your fruit of the poisonous tree arguments were not made in state court. Is that correct? No, it is not correct. Let me rephrase that. In terms of those words, that is correct. In terms of whether the state court had a fair and full opportunity to address that issue, the position is, of course, they had a full and fair opportunity. We don't want to do it sui sponte because you never argued that Cowell's testimony had to be excluded from the harmless error analysis because it was fruit of the poisonous tree. I think that impressively, the Court of Appeals was able to hear that. But by virtue of saying that drinking was inadmissible, but in light of Cowell harmless, complicit in that is that they had to consider whether Cowell was admissible or not. You never argued that Cowell wasn't admissible, right? In the state court? According to the police, that is correct. But they could not have determined harmless error without knowing whether Cowell was admissible or not. The fact is, without the state court, was Crawford. Whether or not the evidence introduced by police officers was unreliable. So if we're talking Crawford and we're talking about two pieces of evidence that came in through police officers about the statements that they co-defended, it's inconceivable that you would get from, that you would get through the art of the analysis of both Brangen and Cowell without considering the effect of Crawford on both of them. But because your client introduced the evidence of Cowell's testimony, the evidence that he was put on by Reyes-Morrow, correct? So isn't it possible that the state court thought that made him differently situated than Rendon? Well, it is possible, but there are two possibilities. One that it was different in that it potentially would be defense-induced error. Or the other is that it's for his personal history under Harrison. That it was why was Officer Cowell called? And after the why, which is in response to Rendon, after the why, what's the egregiousness of the content of the conversation? And in this respect, the egregiousness is huge. Officer Cowell has been defended on the scene. I'm having a little trouble here teasing out how the Oregon court should have intuited that the argument that you're making, but where's the legal authority that says the fruit of the poisonous tree? Doctrine implies that a confrontation clause, circumstance, in order for us to second-guess or fault the Oregon court, there has to be an unreasonable application of established Supreme Court law, and I don't see that that's been established here. Where is there a case where the fruit of the poisonous tree doctrine has been applied by the Supreme Court in a confrontation clause? Your Honor, there is no direct case that applies fruit of the poisonous tree to the confrontation clause. The application of Harrison, which is the strongest case going forward, the application of Harrison must be made by analogy. The fact of the matter is we have a constitutional violation. The original violation was the first testimony brought in by the prosecution, right? Yes, sir. And then the second is the rebuttal or attempted rebuttal by your client, and that's what you're complaining about that wasn't considered. That's correct. What's the closest case that analogizes to that kind of circumstance? It's Harrison v. The United States, Your Honor. In Harrison, they propose two looks. The first is why was the rebuttal evidence called? It wasn't as a result of the illegal or inadmissible original evidence, and the determination of that is based on how egregious the testimony actually ended up to be in rebuttal, although there may have been some inconsistencies that's brought up. The upshot is it also could be defended on the scene. And under Harrison, if the affirmation given to the jury is as egregious as was there, then it is a more natural inference that the rebuttal was a result of the unconstitutional originally invested testimony. If you wanted to save some time, should we let you do that? Yes, thank you very much. May you please record, Susan York on behalf of the state. We ask that the court affirm. There are really two ways to look at this case. One perspective is that petitioner's arguments regarding Detective Tal's testimony is sort of part and parcel of his overarching claim that the admission of Detective Rendon's testimony was harmful and that the state court acted unreasonably in concluding otherwise. Under that understanding, this court should simply proceed to the merits and deny relief on the merits as discussed in the state's answering brief. Another way of looking at this case is that the claim petitioner is raising now is different than the claim he pursued in state courts. And that now petitioner is attempting to raise sort of a stand-alone claim that consideration of Detective Tal's testimony, either during a harmless error analysis or maybe even its admission at trial, constitutes sort of a stand-alone violation of the Fruit of the Poisonous Tree Doctrine, or perhaps just a direct violation of the Confrontation Clause. Under that understanding, the petitioner failed to properly exhaust that claim in state courts because he failed to present it to them. However, because no further state remedies are available, that claim is technically exhausted but procedurally defaulted, and this court may dismiss on procedural default grounds. Why wouldn't we hold you to a way of the procedural default defense of this court, though? So this court has held that the state can waive procedural default, but failed to raise it in the district court. It's worth noting that there is a circuit split on that issue, but this court has so held. Under the sort of unique circumstances of this case where the court asked for supplemental briefing addressing that issue, I think it may not be appropriate to hold that the state waived it because the state sort of needed to raise procedural default to explain the context of this case. However, if this court concludes that the state did waive procedural default, then it should simply decline to consider that issue and go on to address the merits. Again, as outlined in the state's answering brief, and that's precisely what this court did in Franklin v. Johnson, 290 F3D 1223, when the court concluded that the state had waived the procedural default. And if we reach the merits, would you analyze the evidence  for purposes of that? I think given the way that the claim has been briefed, the question is whether the state court acted unreasonably in considering Detective Tal's testimony as part of the harmlessness analysis. And in response to that, I would simply say that there's no clearly established Supreme Court law requiring the state court to exclude from consideration Detective Tal's testimony. And that would be the end of the matter. So Harrison is clearly distinguishable from this case. And, in fact, in Harrison, the Supreme Court actually noted that it was not deciding the issue presented here. So there's sort of two key differences in Harrison. One difference in Harrison is that the testimony that was challenged as the fruit of the poisonous tree in Harrison was defendants' own testimony. And the issue there was that at the defendant's first trial, his illegally obtained confession had been admitted in evidence, and he then testified at that first trial. And the question was whether his prior trial testimony could be used at his second trial. And the court ruled that the trial testimony was tainted by the earlier admission of the illegally obtained confession. But the court observed, we have no occasion in this case to canvass the complex and varied problems that arise when the testimony of one other than the accused is challenged as the evidentiary product of the poison tree. And here a petitioner is attempting to challenge the testimony of Detective Tal, a witness other than the accused, as the fruit of the poisonous tree. And that's an issue that the Supreme Court in Harrison explicitly declined to decide. Also worth noting is that Harrison involved a different type of constitutional violation. The violation at issue in Harrison was the Fifth Amendment, and the court was really concerned that this illegally obtained confession had been essentially impelled defendant to testify at trial in violation of the Fifth Amendment. We don't have those considerations here. This is completely different context. Do you also have an argument that if we just look at the facts, if we exclude Tal, there was overwhelming evidence against the defendant? Yes. We didn't make that argument very much in our brief, but in order to grant relief here, this court would have to conclude that the admission of Detective Rendon's testimony was harmful and abrupt. And so it would ask whether the testimony had a substantial and injurious effect on the verdict. And here our position would be that it did not, whether or not you include Detective Tal's testimony, there was a lot of other evidence linking defendant's admission to these crimes. If the court has no further questions, we would ask that the court affirm. Thank you. Thank you. Thank you. Good afternoon. Under Bramberry, the court has held that state exhaustion is not a provincial rule and it's best looked at in a non-provincial fashion. It can be gained weight. It should be looked at on a case-by-case matter, and it would be in this situation against public policy to get us so far down the road I mean, we agree with that. Could you come back to Harrison? Your opponent has distinguished that case. Do you have arguments against her position? Thanks, Robert. Coming back to Harrison, when a defense calls witness, it really is the defense presenting that evidence. It is the defense making that statement. I understand Harrison, I think, is attempting to say the defendant, he or herself must be the individual making the statement for Harrison to totally apply on all four corners. And in this situation, clearly the defendant did not make the statement. It is the defense witness intentionally called by the defendant to make the statement on his behalf. And so, by analogy, I think that Harrison can apply. And it's clearly established. So, Fred, what we need to be clearly established is that you're saying not only can it apply, but it's clearly established. In fact, I think the definition is rooted in what clearly established is. Is it on its four corners? No, it is not. Is it within the parameters of distinct and solid possibility? Yes. I think we've taken you over your time. Thank you. Thank you, both sides, for your very helpful arguments. The case is submitted.
judges: Fisher, Friedland, Mahan